**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vincent M. GAMMILL, Jr., Defendant-Appellant.**

**No. 536-69.**

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1970.

---

James R. Richards, Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for appellee.

Francis S. Mancini, Denver, Colo., for appellant.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

The defendant-appellant was indicted, convicted, and sentenced for a narcotic violation. On this appeal he challenges the sufficiency of the indictment and the power of the district court to amend.

The indictment returned by the grand jury read in pertinent part:

"That on or about the 9th day of November, within the District of Colorado, VINCENT M. GAMMILL, JR., knowingly and wilfully did sell * * * a quantity of narcotic drugs, * * * in violation of Title 26, United States Code, Section 4705(a)."

After the jury was impaneled, the defendant moved for a judgment of acquittal on the ground that the indictment failed to charge an offense in that it omitted the year in which the alleged sale occurred. The court took the motion under advisement and proceeded with the trial. At the close of its case the government moved to amend the indictment to conform to the proof that the offense occurred on November 9, 1968. Over the objection of the defendant, the court made the amendment by interlineation. The motion for acquittal was renewed at the close of all evidence and was denied.

In Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed. 2d 240, the Supreme Court said that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form. A defective allegation of time is a matter of form if time is not an essential element of the offense and if the indictment charges facts showing that the offense was committed within the period of the statute of limitations. Butler v. United States, 10 Cir., 197 F.2d 561, 562, and Weatherby v. United States, 10 Cir., 150 F.2d 465, 467. This is not a case where the defect is an incorrect date within the limitation period. Cf. United States v. Arge, 10 Cir., 418 F.2d 721. Here the omission of the year prevents the indictment from charging an offense within the statute of limitations. The defect was not one of form and the district court was without power to make the amendment. See Stewart v. United States, 8 Cir., 395 F.2d 484, 488.

Our decision on this issue makes it unnecessary to consider the other points raised by the defendant.

Reversed.