UNITED STATES of America, Plaintiff,

v.

Jack Lee WOLF, aka Jack L. Wolf, Defendant.

Crim. No. 76-74-D.

United States District Court, W. D. Oklahoma.

March 30, 1976.

David L. Russell, U. S. Atty., by John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Richard Bailey, R. L. Buckelew, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff has filed a Motion and Brief on the Indictment herein in which it is requested that the two errors contained in the Indictment which it alleges are a mere matter of form and not of substance be changed. Defendant has responded to said Motion stating he has no objection to same.

The first matter sought to be corrected is the year in which an act is alleged to have occurred in Count III of the Indictment. It is urged by Plaintiff that 1973 was set out in the Indictment by a typographical error when the correct date should have been 1974. A change to correct said error is requested.

The second matter involves an allegation in Count IV of the Indictment wherein it is alleged Defendant deposited items in the United States Mails "at Enid, Garfield County" which act Plaintiff states was done in Oklahoma City, Oklahoma County. It is requested the incorrect language be stricken. It is urged that an offense would still be stated after said deletion because the language in said Count would still allege the act was committed within this Judicial District.

■ Although nothing can be added to an Indictment, and its charges cannot be broadened even by consent, such consent is proper when the proposed change deletes matters from the Indictment and is a mere matter of form. *Marsh v. United States,* 344 F.2d 317 (Fifth Cir. 1965).

■ In considering the defective allegation of time, the Court stated in *United States v. Gammill,* 421 F.2d 185 (Tenth Cir. 1970) as follows:

"In *Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240, the Supreme Court said that an indictment

may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form. A defective allegation of time is a matter of form if time is not an essential element of the offense and if the indictment charges facts showing that the offense was committed within the period of the statute of limitations. *Butler v. United States,* 10 Cir., 197 F.2d 561, 562, and *Weatherby v. United States,* 10 Cir., 150 F.2d 465, 467."

In applying said standards to the defects contained in the Indictment in the instant case, it is determined that time is not an essential element of the offense of Mail Fraud in violation of 18 U.S.C. § 1341. It is further determined that the alleged act on the erroneous date of February 22, 1973 is within the five year statute of limitations pursuant to 18 U.S.C. § 3282 wherein the Indictment was returned March 3, 1976 and thus an offense is alleged as charged originally. The Court finds that the requested change of the date of said act in Count III of the Indictment to February 22, 1974 is one of form only and the Indictment should be amended to reflect the correct date of the alleged act constituting an element of the offense charged in Count III.

■ As to the request that the language "at Enid, Garfield County" be stricken to which Defendant has stated he has no objection, the Court determines such deletion is also a matter of form. The offense charged in Count IV of the Indictment for Mail Fraud in violation of 18 U.S.C. § 1341 would still allege same was committed in this Judicial District if the requested deletion is made and thus venue remains proper in accordance with Rule 18, Federal Rules of Criminal Procedure. The particular location of the act of depositing an item in the United States Mails is not an essential element of the offense involved. Defendant is not prejudiced by said deletion wherein by the instant Motion he has been advised by Plaintiff that it intends to prove the item in question was deposited in the United States Mails in Oklahoma City, Oklahoma on the alleged date in question. Moreover, by stating he has no objection to the proposed

deletion, Defendant has in essence joined Plaintiff in requesting surplusage be stricken from the Indictment pursuant to Rule 7(d), Federal Rules of Criminal Procedure. *Marsh v. United States, supra.* The Court finds that Count IV of the Indictment should be amended to strike the language "at Enid, Garfield County," contained therein.