Filed 11/27/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 241

Christopher Haag, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20120196

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Kent M. Morrow, P.O. Box 2155, Bismarck, N.D. 58502-2155, for petitioner and appellant.

Jason J. Hammes, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for respondent and appellee.

Haag v. State

No. 20120196

VandeWalle, Chief Justice.

[¶1] Christopher Haag appealed from an order denying his application for post-

conviction relief from criminal convictions entered after he pled guilty to drug-related charges involving JWH-018 1-Pentyl-3 (1-naphthoyl) indole (“JWH-018”).  We affirm, concluding JWH-018 was a prohibited controlled substance when Haag committed the acts alleged in the criminal complaint in November 2010.  

I

[¶2] Haag was charged with possession of a controlled substance, JWH-018, with intent to deliver to another and with possession of drug paraphernalia for using a controlled substance, JWH-018, for acts alleged to have occurred on November 12, 2010.  JWH-018 has been identified as a synthetic cannabinoid, and the parties have referred to it as “Spark.”  Haag pled guilty to the charges in May 2011.  In November 2011, Haag petitioned for post-conviction relief, claiming JWH-018 was not a prohibited controlled substance when he committed the acts alleged in the criminal complaint.  The State resisted Haag’s petition and moved for summary disposition, arguing the North Dakota Board of Pharmacy’s final rule delineating JWH-018 as a prohibited controlled substance was in effect when Haag committed the acts alleged in the criminal complaint on November 12, 2010.  

[¶3] The district court summarily denied Haag’s petition for post-conviction relief, ruling there were no disputed facts that JWH-018 became a prohibited controlled substance in October 2010, when an administrative rule adopted by the Board had been approved and was published in N.D. Admin. Code ch. 61-13-01 and became effective as a final rule.  The district court explained this Court’s decision in 
State v. Nickel
, 2011 ND 200, 806 N.W.2d 155, invalidated convictions under an emergency interim final rule and applied only to the Board’s attempted adoption of an emergency interim final rule identifying JWH-018 as a prohibited controlled substance.  The district court said 
Nickel
 did not affect the adoption of a final rule designating JWH-

018 as a prohibited controlled substance, which became effective in October 2010 before the acts alleged in the criminal complaint occurred.  

II

[¶4] “‘Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure.’”  
Wong v. State
, 2011 ND 201, ¶ 4, 804 N.W.2d 382 (quoting 
Delvo v. State
, 2010 ND 78, ¶ 10, 782 N.W.2d 72).  “‘Questions of law are fully reviewable on appeal of a post-conviction proceeding.’”    
Wong
, at ¶ 4 (quoting 
Syvertson v. State
, 2005 ND 128, ¶ 4, 699 N.W.2d 855).  Our standard for reviewing a summary denial of a petition for post-conviction relief is similar to our standard for reviewing an appeal from a summary judgment.  
Henke v. State
, 2009 ND 117, ¶ 9, 767 N.W.2d 881.  A district court may summarily dispose of a petition for post-conviction relief if there are no genuine issues of material fact and the party requesting summary disposition is entitled to judgment as a matter of law.  
Vandeberg v. State
, 2003 ND 71, ¶ 5, 660 N.W.2d 568.    

III

[¶5] The dispositive issue in this case is whether JWH-018 was a prohibited controlled substance when Haag committed the acts alleged in the criminal complaint on November 12, 2010.  Haag argues he pled guilty to conduct that was not illegal because the Board’s emergency interim final rule declaring JWH-018 a prohibited controlled substance was invalid under 
Nickel
, 2011 ND 200, 806 N.W.2d 155.  The State responds the Board’s emergency interim final rule at issue in 
Nickel
 had become a final rule designating JWH-018 as a prohibited controlled substance before Haag’s conduct in November 2010.

[¶6] The legislature created the North Dakota Board of Pharmacy under N.D.C.C. ch. 43-15, and the Board is an administrative agency, subject to the provisions of the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32.  
Nickel
, 2011 ND 200, ¶ 6, 806 N.W.2d 155.  The legislature has authorized the Board “[t]o adopt, amend, and repeal rules determined necessary by the board for the proper administration and enforcement of [N.D.C.C. ch. 43-15], chapter 19-02.1 as that chapter pertains to drugs, subject to approval of the director of the state department of health, and chapter 19-03.1.”  N.D.C.C. § 43-15-10(14).  Under the Uniform Controlled Substances Act, N.D.C.C. ch. 19-03.1, the “board shall administer this chapter and may add substances to or delete or reschedule all substances enumerated in the schedules in sections 19-03.1-05, 19-03.1-07, 19-03.1-09, 19-03.1-11, or 19-03.1-13 pursuant to the procedures of [N.D.C.C.] chapter 28-32.”  N.D.C.C. § 19-03.1-02(1).

[¶7] In 
Nickel
, 2011 ND 200, ¶¶ 1-2, 806 N.W.2d 155, we considered the validity of the Board’s attempted promulgation of an emergency interim final rule adding seven substances, commonly labeled “Spark,” to the list of prohibited controlled substances under N.D.C.C. ch. 19-03.1.  In 
Nickel
, at ¶ 5, the issue was whether the Board substantially complied with notice requirements under N.D.C.C. § 28-32-03(5) (2009) for the adoption of an emergency interim final rule.  In that case, after receiving the Governor’s approval of the Board’s request to engage in emergency rulemaking and publishing notice of a hearing in the Bismarck Tribune newspaper, the Board held a public hearing on February 25, 2010, to consider the emergency interim final rule.  
Nickel
, at ¶ 2.  After the public hearing, the Board made minor amendments to the initial draft of the emergency interim final rule and unanimously adopted the rule.  
Id.
  Thereafter,

On February 26, 2010, the Board’s executive director sent the Legislative Council’s code reviser the emergency interim final rule, a summary of the Board’s meeting, the Governor’s approval letter and a “Notice of Intent to Adopt, Amend and Repeal Administrative Rules” setting a public hearing for April 24, 2010, in Minot “to address proposed adoption” of the new rule. In the accompanying letter, the executive director requested the code reviser to “[p]lease publish these rules in the North Dakota Administrative Code with the earliest possible effective date.”  During the following week, the executive director responded to questions from the media about the emergency interim rule and the Attorney General held a press conference to discuss the rule.  Five agents from the Bureau of Criminal Investigation visited nine businesses in the state’s major cities to inform them about the interim final rule, but copies of the rule were not provided to all of the businesses.  The interim final rule was not published in the Administrative Code until October 2010, after it had been approved as a final rule.  The final rule is found in N.D. Admin. Code ch. 61-13-01, and its effective date is listed as February 26, 2010.

Nickel
, at ¶ 3.  

[¶8] In May, July, and August 2010, Nickel was charged with several violations of the Uniform Controlled Substances Act, N.D.C.C. ch. 19-03.1, for substances that were criminalized by the emergency interim final rule.  
Nickel
, 2011 ND 200, ¶ 4, 806 N.W.2d 155.  Nickel moved to dismiss the charges, arguing the emergency interim final rule was invalid.  
Id.
  The district court found the Board “‘did not substantially comply with the notice requirement applicable to the adoption of an emergency rule and . . . the emergency rule [was] invalid.’”  
Id.
   

[¶9] On appeal, we held the district court’s finding that the Board did not substantially comply with the notice requirement for an emergency rule under N.D.C.C. § 28-32-03(5)(2009) was not clearly erroneous and the court did not err in dismissing the charges because the emergency interim final rule upon which those charges were based was invalid when the alleged crimes were committed.  
Nickel
, 2011 ND 200, ¶¶ 1, 12-13, 806 N.W.2d 155.  We recognized the emergency interim final rule was published in the Administrative Code in October 2010, after it had been approved as a final rule and its effective date is listed as February 26, 2010.  
Id.
 at ¶ 3.  
See
 N.D. Admin. Code ch. 61-13-01-03 (placing designated substances, including JWH-018, in schedules under N.D.C.C. § 19-03.1-05).   

[¶10] 
Nickel
 is not controlling in this case because the Board acted within the scope of its legislatively granted authority to promulgate a final administrative rule under the procedure in N.D.C.C. ch. 28-32.  As we explained in 
Nickel
, 2011 ND 200, ¶ 3, 806 N.W.2d 155, the Board’s emergency interim final rule became a final rule at least by October 2010, when it was published in the Administrative Code after it had been approved as a final rule.  
See
 N.D.C.C. §§ 28-32-03(1) (describing effective date for emergency rule) and 28-32-15(2) (describing effective date for nonemergency rule).  Under N.D.C.C. § 28-32-06, the administrative rule had “the force and effect of law until amended or repealed by the agency, declared invalid by a final court decision, suspended or found to be void by the administrative rules committee, or determined repealed by the legislative council because the authority for adoption of the rules is repealed or transferred to another agency.”  Under 
Nickel
, there was a final administrative rule identifying JWH-018 as a prohibited controlled substance in effect on November 12, 2010, when Haag committed the acts alleged in the criminal complaint.  

[¶11] Effective August 1, 2011, the legislature codified language identifying several prohibited controlled substances in addition to those substances identified in N.D. Admin. Code § 61-13-01-03, including JWH-018.  
See
 2011 N.D. Sess. Laws ch. 161.  The 2011 legislative history reflects some of the substances identified in the legislation had been scheduled by the Board as prohibited controlled substances under the rulemaking process and the legislation moved those substances from a rule to a statute.  
See
 
Hearing on SB 2119 Before Senate Judiciary Comm.
, 62nd N.D. Legis. Sess. (Jan. 19, 2011) (written testimony of Howard C. Anderson, Executive Director of Board of Pharmacy).  The legislature’s 2011 codification of a more expansive list of prohibited controlled substances, including JWH-018 in N.D.C.C. § 19-03.1-

05(5)(gg)(1)(a), does not invalidate the effect of the final administrative rule adopted before the legislation was enacted.  Rather, the administrative rule had the force and effect of law upon becoming effective.  N.D.C.C. § 28-32-06.

IV

[¶12] We conclude the district court did not err in summarily denying Haag’s petition for post-conviction relief, and we affirm the court’s order.  

[¶13] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom