2017 ND 10

**STATE of North Dakota, Petitioner**

v.

**The Honorable Stacy J. LOUSER and Alexander Justin Pittenger, Respondents**

**Supreme Court No. 20170023**

Supreme Court of North Dakota.

Filed 1/27/2017

## ORDER

Per Curiam.

[¶ 1] The State of North Dakota, through Ward County Assistant State's Attorney Marie A. Miller, petitions this Court for a supervisory writ directing the district court to vacate its order excluding Special Agent Pat Helfrich's testimony in the matter of State v. Alexander Justin Pittenger, pending in North Central Judicial District Court No. 51–2015–CR–01459. We exercise our supervisory jurisdiction and direct the district court to vacate its order excluding the testimony of Special Agent Pat Helfrich. We conclude the district court's order was premature, direct the court to allow the trial to go forward, and to enter its rulings on the proffered testimony as it is offered in such a manner as to allow the court to determine whether the proffered testimony is lay factual testimony under N.D.R.Ev. 401, lay opinion testimony under N.D.R.Ev. 701, or expert opinion testimony under N.D.R.Ev. 702.

### I

[¶ 2] The facts below are taken from the order of the district court dated January 11, 2017. Pittenger was charged with gross sexual imposition and corruption or solicitation of a minor. Trial on these charges was held in July 2016, in which testimony was taken from Special Agent Dale Maixner (Ret.) to which Pittenger objected, resulting in the district court entering an order declaring a mistrial. Retrial of this matter was set to commence on January 9, 2017. The State filed a motion to dismiss the charge of gross sexual imposition and an order granting the motion was entered on January 1, 2017. Trial on the charge of corruption or solicitation of a minor commenced on January 9, 2017.

[¶ 3] On the first day of trial, the State sought to introduce testimony of Special Agent Helfrich to which Pittenger objected, arguing that Helfrich had never been disclosed as an expert witness. The district court ruled Helfrich was an expert witness and ordered his testimony excluded. On January 10, 2017, the State informed the district court it intended to seek a supervisory writ, asked the jury remain impaneled, and asked the district court to order a stay of the proceeding. The district court granted the State's request. The State requested, and the district court issued, a written order to be filed with the State's Petition.

### II

[¶ 4] On January 12, 2017, the State filed a Petition for Supervisory Writ requesting this Court order the district court to permit Special Agent Pat Helfrich to testify as a lay witness in the matter of State v. Alexander Justin Pittenger, pending in North Central Judicial District Court No. 51–2015–CR–01459. Counsel for Mr. Pittenger filed a response to the State's Petition on January 24, 2017. The State petitions this Court to exercise its original jurisdiction and issue a supervisory writ, arguing the district court abused its discretion in ordering Special Agent Pat Helfrich's testimony excluded as expert testimony not properly disclosed under N.D.R.Crim.P. 16.

[¶ 5] "Under N.D. Const. art. VI, § 2, and N.D.C.C. § 27–02–04, we may review a district court decision under our

supervisory authority." State, ex rel. Madden v. Rustad, 2012 ND 242, ¶ 5, 823 N.W.2d 767. This Court exercises its authority to issue supervisory writs "rarely and cautiously on a case-by-case basis and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists." Id. Our authority to issue a supervisory writ is discretionary, and "[w]e generally will not exercise our supervisory jurisdiction where the proper remedy is an appeal." Id.

[¶ 6] We conclude this an appropriate case to exercise our supervisory jurisdiction because the jury is impaneled pending a stay of the proceedings and the State lacks another adequate remedy. The State's ability to appeal is limited under N.D.C.C. § 29–28–07. If Pittenger were acquitted by the jury, the State could not appeal. See Rustad, 2012 ND 242, ¶ 6, 823 N.W.2d 767; State v. Bernsdorf, 2010 ND 123, ¶ 5, 784 N.W.2d 126; State v. Deutscher, 2009 ND 98, ¶ 7, 766 N.W.2d 442. If Pittenger were found guilty by the jury and appealed, he would not likely raise an issue about the order excluding Helfrich's testimony and the possibility the State could raise the issue is remote. See Rustad, 2012 ND 242, ¶ 6, 823 N.W.2d 767; State v. Holte, 2001 ND 133, ¶ 6, 631 N.W.2d 595; State v. Sabinash, 1998 ND 32, ¶ 18, 574 N.W.2d 827. We therefore conclude this case is an appropriate case to exercise our supervisory jurisdiction.

### III

[¶ 7] The district court entered an order January 11, 2017. The order held Special Agent Pat Helfrich may not testify, stating:

> There is no dispute that Helfrich was never disclosed as an expert witness. To allow the State to now delineate Helfrich's role in these proceedings as a lay witness would be prejudicial to Pittenger's ability to properly defend himself. Accordingly it is the Court's opinion that allowing Helfrich to testify despite not having been properly disclosed would be error on the part of the Court.

> Moreover, the Court is deeply troubled by the State's acknowledgment that Helfrich's anticipated examination was tailored from the July trial so as not to now be an "expert testimony." Such an admission reeks of the State trying to play switcharoo by reaping the benefit of having testimony offered yet doing so without proper disclosure.

[¶ 8] The district court's order is premature. The district court is presuming that expert opinion testimony will be elicited from this witness under N.D.R.Ev. 702, before any questions have been posed to the witness, on the basis of testimony given at a prior trial. The district court seems to presume that a witness cannot give more limited testimony at a second trial than a witness gave at an earlier trial on the matter. When a witness is offered on a more limited basis at a second trial before a different jury, but does not testify inconsistently with prior testimony given by the same witness, there is no inherent prejudice to the opposing party.

[¶ 9] The district court recognized that "a witness's testimony is not necessarily expert testimony simply because the witness has specialized knowledge and was chosen to carry out an investigation because of that knowledge, the witness's testimony is expert testimony if the testimony is rooted exclusively in his expertise or is not a product[ion] of his investigation but instead reflects his specialized knowledge[,]" citing State v. Saulter, 2009 ND 78, ¶ 15, 764 N.W.2d 430 (emphasis in district court order). However, the district court made its determination that Helfrich could not testify prior to any questions being asked and could not know if the

information sought to be elicited from this witness was simply his direct observation, was his lay opinion formed as a product of his investigation based on personal observation under N.D.R.Ev. 701, or was seeking his expert opinion based upon specialized knowledge under N.D.R.Ev. 702.

[¶ 10] The order of the district court is based solely on the presumption that the entire testimony of this witness will be expert testimony, and the testimony will be modified from prior testimony given by the same witness. No other basis for the exclusion of a witness's testimony is offered. A party is entitled to offer relevant evidence unless disqualified by some other rule of law. See N.D.R.Ev. 402.

[¶ 11] The order of the district court was entered after the jury was impaneled. At the request of the State, the district court granted a stay of the proceedings to permit the State to file the Petition for Supervisory Writ. Under the extraordinary circumstances of an impaneled jury, IT IS HEREBY ORDERED that supervision is GRANTED. We direct the district court to vacate its prior order and allow the trial to go forward, including the testimony of Special Agent Pat Helfrich, and to enter its rulings on the proffered testimony as it is offered in such a manner as to allow the court to determine whether the proffered testimony is fact testimony under N.D.R.Ev. 401, lay opinion testimony under N.D.R.Ev. 701, or expert opinion testimony under N.D.R.Ev. 702.

[¶ 12] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Jerod E. Tufte

Lisa Fair McEvers

Carol Ronning Kapsner