2017 ND 42

STATE of North Dakota, Petitioner

v.

The Honorable Lolita G. Hartl ROMAN-ICK, Judge of the District Court, Northwest Judicial District, and Steven Kukowski, Respondents

No. 20160455

Supreme Court of North Dakota.

Filed 3/3/2017

Seymour R. Jordan, State's Attorney, P.O. Box 84, Crosby, N.D. 58730–0084, for petitioner.

Matthew A. Sagsveen (appeared), 500 North 9th Street, Bismarck, N.D. 58501, for respondent The Honorable Lolita G. Hartl Romanick.

Peter D. Welte (argued), P.O. Box 6367, Grand Forks, N.D. 58206–6367, Mark A. Friese (appeared), P.O. Box 1389, Fargo, N.D. 58107–1389, Drew J. Hushka (on brief), P.O. Box 1077, Moorhead, MN 56561–1077, for respondent Steven Kukowski.

Crothers, Justice.

[¶ 1] The State petitions this Court for a supervisory writ requiring the district court to grant the State's motion to amend its criminal complaint against Ward County Sheriff Steven Kukowski to allege that criminal conduct occurred in 2014 rather than 2015. We conclude this is an appropriate case to exercise our discretionary supervisory jurisdiction, and we direct the district court to grant the State's motion to amend the criminal complaint.

I

[¶ 2] In a February 16, 2016, criminal complaint signed by Bureau of Criminal Investigation Special Agent Allen Kluth, the State charged Sheriff Kukowski with three class A misdemeanors pertaining to alleged inadequate inmate care occurring "on or about October 6, 2015." The complaint alleged two counts of reckless endangerment under N.D.C.C. § 12.1–17–03 and one count of a public servant refusing to perform a duty imposed by law under N.D.C.C. § 12.1–11–06. One of the reckless endangerment counts explicitly alleged Sheriff Kukowski willfully created a substantial risk of serious bodily injury to another by failing to provide inmate Dustin Irwin with medical care. The remaining two counts generally alleged Sheriff Kukowski knowingly refused to perform a public duty imposed by law by employing correctional facility staff with inadequate training to ensure inmates received adequate medical care, and Sheriff Kukowski willfully created a substantial risk of seri-

ous bodily injury to another by maintaining an inmate population greater than the suggested population for a facility of its size.

[¶ 3] A February 16, 2016, affidavit of probable cause executed by Special Agent Kluth stated:

"1.  That on October 3, 2014 Dustin J Irwin was arrested in Ward County and held at the Ward County Correctional Center. While Mr. Irwin was being held in Ward County his health deteriorated over the three days he was held. By the time of his transport, Irwin was incoherent, urinating on himself, disoriented, and had to be physically loaded into the transport vehicle.

"2.  On the third day, Sheriff Steven Kukowski and Captain Michael Nason transported Mr. Irwin. He was exchanged for another prisoner held by Burleigh County. Both Kukowski and Nason had to carry Irwin to the Burleigh County vehicle. Upon the Burleigh County Deputy taking custody of Mr. Irwin, he was transported directly to the hospital with emergency lights flashing. Mr. Irwin passed away a short time later.

"3.  That Mr. Kukowski was aware of Mr. Irwin's medical state and did not attempt to get Mr. Irwin any medical care, which created a substantial risk of serious bodily injury or death to another. According to Kukowski, Irwin was not transported to get medical attention because of 'dollars and cents.' The Ward County Jail was afraid to spend money, according to Kukowski, who was responsible for the jail's budget.

"4.  That Mr. Kukowski maintained an inmate population 150% over the suggested population for a correctional center of its size during the time of this incident, which created a substantial risk of serious bodily injury or death to another.

"5.  That Mr. Kukowski knowingly employed correctional facility staff and that staff did not have adequate training. Nine correctional officers had been employed for more than a year but had not attended a correctional officer's training course. Mr. Kukowski also did not ensure that inmates had adequate medical care."

[¶ 4] During a December 23, 2016, pretrial motion hearing several days before a scheduled jury trial, the State moved to amend its complaint to allege the offenses occurred in 2014, claiming the amendment was necessary to correct a clerical mistake. In denying the State's motion the district court found Sheriff Kukowski failed to establish he was misled by the erroneous date in the complaint and he had notice of the correct year of the underlying incident giving rise to the charges. The court nevertheless concluded the amendment would substantially prejudice Sheriff Kukowski's rights by broadening or changing the charges against him because time is an essential element of the offenses under the rationale of United States v. Gammill, 421 F.2d 185 (10th Cir. 1970) and City of West Fargo v. Hawkins, 2000 ND 168, 616 N.W.2d 856. The court explained that the inmate had been dead for a year before the date of the offenses charged in the complaint and that alleging Sheriff Kukowski failed to get the inmate medical care one year after the inmate's death failed to state a crime. The court said time is an element of the offense and a substantial prejudice to Sheriff Kukowski would result if the amendment was permitted.

## II

[¶ 5] The State petitioned this Court for a supervisory writ requiring the district court to grant the amendment to correct a clerical error. The State argues the court misapplied the law and claims denying the amendment would result in a grave injustice to the legal process because the affidavit of probable cause, all the evidence and Sheriff Kukowski's own admissions establish the alleged offenses, if proven, occurred in October 2014 rather than October 2015. Sheriff Kukowski responds the State has not offered any reason why reviewing the court's discretionary decision constitutes an extraordinary case warranting a supervisory writ. Sheriff Kukowski also claims the State has adequate alternative remedies, including prosecuting him for the 2015 conduct alleged in the complaint or renewing the motion to amend the complaint at a later date. He also claims the State's continued civil administrative removal proceeding against him as the Ward County Sheriff constitutes an adequate alternative remedy.

[¶ 6] This Court's discretionary authority to issue supervisory writs under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04 cannot be invoked as a matter of right and is exercised on a case-by-case basis, considering the unique circumstances of each case. State v. Louser, 2017 ND 10, ¶ 5, 890 N.W.2d 1; State ex rel. Madden v. Rustad, 2012 ND 242, ¶ 5, 823 N.W.2d 767; State ex rel. Roseland v. Herauf, 2012 ND 151, ¶ 3, 819 N.W.2d 546; State ex rel. Harris v. Lee, 2010 ND 88, ¶ 6, 782 N.W.2d 626; Forum Commc'ns Co. v. Paulson, 2008 ND 140, ¶ 8, 752 N.W.2d 177. "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists." Lee, at ¶ 6. "We generally will decline to exercise supervisory jurisdiction if the proper remedy is an appeal." Herauf, at ¶ 3. "Exercise of supervisory jurisdiction may be warranted when issues of vital concern regarding matters of important public interest are presented." Lee, at ¶ 6.

[¶ 7] This case alleges criminal conduct regarding an elected public official's duties and responsibilities to provide adequate medical care for inmates while in the official's custody and control. See United Hosp. v. D'Annunzio, 514 N.W.2d 681, 683 (N.D. 1994) (county responsible for prisoner's medical care while in custody, subject to reimbursement from prisoner); Ennis v. Dasovick, 506 N.W.2d 386, 389 (N.D. 1993) (deliberate indifference to prisoner's serious medical needs violates Eighth Amendment); N.D.C.C. § 12-44.1-14 (administrator of correctional facility shall ensure that inmates have adequate medical care). The underlying allegations of inadequate inmate care by an elected public official implicate a significant and vital public interest in providing accountability for a public official's actions or inactions. The charges against Sheriff Kukowski involve the death of an inmate while involuntarily in governmental custody, which has ramifications beyond those ordinarily associated with a misdemeanor. The unusual nature of the charges involving a public official's duties and responsibilities to inmates in the official's custody and control and the public's interest in the resolution of those charges demonstrate this case is extraordinary.

[¶ 8] We are not persuaded the State has adequate alternative remedies. The State's ability to appeal is limited by N.D.C.C. § 29-28-07. The State could not appeal if Sheriff Kukowski were acquitted by a jury. See Louser, 2017 ND 10, ¶ 6, 890 N.W.2d 1; Rustad, 2012 ND 242, ¶ 6, 823 N.W.2d 767. If Sheriff Kukowski were found guilty by a jury and appealed he likely would not raise an issue about the

denial of the State's motion to amend the complaint and the possibility the State could raise the issue is remote. See Louser, at ¶ 6; Rustad, at ¶ 6. Limiting the prosecution to charges alleged to have occurred in 2015 is an inadequate remedy because it would essentially preclude a prosecution for the charge involving the death of inmate Irwin in October 2014, and could preclude the State from presenting evidence pertaining to inmate care and jail conditions during 2014 or 2015. See Herauf, 2012 ND 151, ¶ 5, 819 N.W.2d 546 (order limiting State from proceeding on one of two alternative theories for driving under the influence does not provide adequate alternative remedy). Additionally, the assertion the State could renew its motion to amend the complaint at a later date ignores the district court's conclusion that time is an essential element of the offenses. Under that conclusion, the possibility of a later amendment is negligible and does not constitute an adequate alternative remedy in this case. Nor is the civil removal proceeding of a sheriff under N.D.C.C. ch. 44–11 an adequate alternative remedy to resolve allegations of criminal conduct pertaining to the death of an' inmate in the sheriff's custody.

[¶ 9] Under the circumstances of this case, this is an appropriate case to exercise our discretionary supervisory authority to review the district court's decision.

### III

[¶ 10] The State argues the district court misapplied the law in denying the motion to amend. The State asserts time is not an essential element of the alleged offenses and the amended complaint would not prejudice Sheriff Kukowski and is necessary to correct a clerical error. Sheriff Kukowski argues the court correctly ruled the amendment would impermissibly change an essential element of the charges. He also claims the court did not abuse its discretion in denying the State's motion to amend the complaint because the State repeatedly and openly failed to comply with discovery requests.

### A

[¶ 11] "The primary purpose of the complaint is to inform the defendant of the charge, so the defendant can mount a defense." State v. Schwab, 2003 ND 119, ¶ 9, 665 N.W.2d 52. Under N.D.R.Crim.P. 3(c), a "magistrate may permit a complaint to be amended at any time before a finding or verdict if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." See also N.D.R.Crim.P. 7(e) (authorizing amendment of criminal information). An amendment to a complaint under N.D.R.Crim.P. 3 must not charge an additional or different offense and must not prejudice a defendant's substantial rights. Schwab, at ¶ 9; State v. Schuh, 496 N.W.2d 41, 46 (N.D. 1993). A district court has discretion whether to grant a motion to amend a criminal complaint under N.D.R.Crim.P. 3. State v. Higgins, 2004 ND 115, ¶ 5, 680 N.W.2d 645; Schwab, at ¶ 9. " 'A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law.' " State v. Hammer, 2010 ND 152, ¶ 26, 787 N.W.2d 716 (quoting Citizens State Bank–Midwest v. Symington, 2010 ND 56, ¶ 8, 780 N.W.2d 676).

[¶ 12] The district court's decision denying the State's motion to amend the complaint says time is an element of the offense and the "defect of time [in this case] is not simply one of form because it does become an essential element of the offense." Under the court's analysis, we

initially consider whether time is an essential element of the offenses in this case.

[¶ 13] Section 12.1–01–03(1), N.D.C.C., describes the elements of an offense and provides:

"No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.... 'Element of an offense' means:

"a. The forbidden conduct;

"b. The attendant circumstances specified in the definition and grading of the offense;

"c. The required culpability;

"d. Any required result; and

"e. The nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue."

[¶ 14] In Hawkins, 2000 ND 168, ¶¶ 5, 10, 12, 616 N.W.2d 856 (citations and footnote omitted), in the context of a sufficiency of the evidence claim, this Court addressed an argument about whether a date erroneously stated in a criminal complaint was an essential element of driving under the influence:

"Our prior cases establish that an erroneous date in the criminal complaint or information is not reversible error unless the date is an essential element of the crime charged:

"We hold that unless time is an essential element of an offense, it is not required in a criminal prosecution that the crime be proved to have been committed on the precise date or time period alleged in the complaint or information. It is sufficient that the State prove the commission of the crime charged at any time prior to the filing of the complaint and within the period fixed by the applicable limitations statute.

. . . .

"The prosecution is only required to show the driving and the blood alcohol testing occurred within two hours of each other. It is entirely immaterial whether those events occurred on May 28 or May 29, as long as they occurred within two hours of each other. The date becomes an element only if there would be no crime if the conduct occurred on the date alleged in the complaint. Under the circumstances in this case, the date of the offense is not an element of the crime of DUI."

In Hawkins, at ¶ 12 n.2, we noted an example making the date an essential element of an offense in stating, "a charge of minor in possession which lists an offense date after the defendant's twenty-first birthday would fail to charge a crime."

[¶ 15] In another case relied upon by the district court, Gammill, 421 F.2d at 186, a grand jury indictment alleged the crime of selling drugs "on or about the 9th day of November," but did not allege a year. The Tenth Circuit Court of Appeals recognized a grand jury indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form, and held the federal district court erred in allowing the indictment to be amended to include the year of the alleged crime:

"A defective allegation of time is a matter of form if time is not an essential element of the offense and if the indictment charges facts showing that the offense was committed within the period of the statute of limitations. This is not a case where the defect is an incorrect date within the limitation period. Here the omission of the year prevents the indictment from charging an offense within the statute of limitations. The defect was not one of form and the

district court was without power to make the amendment."

Gammill, at 186 (citations omitted).

[¶ 16] Here, the State's complaint alleged that "on or about October 6, 2015," Sheriff Kukowski committed one count of a public servant refusing to perform a duty imposed by law under N.D.C.C. § 12.1–11–06 and two counts of reckless endangerment under N.D.C.C. § 12.1–17–03. All three charges are class A misdemeanors, which have a two-year statute of limitations under N.D.C.C. § 29–04–03. Section 12.1–11–06, N.D.C.C., criminalizes refusal of a public servant to knowingly perform any duty imposed by law and provides:

> "Any public servant who knowingly refuses to perform any duty imposed upon him by law is guilty of a class A misdemeanor."

Section 12.1–17–03, N.D.C.C., criminalizes reckless endangerment and provides:

> "A person is guilty of an offense if he creates a substantial risk of serious bodily injury or death to another. The offense is a class C felony if the circumstances manifest his extreme indifference to the value of human life. Otherwise it is a class A misdemeanor. There is risk within the meaning of this section if the potential for harm exists, whether or not a particular person's safety is actually jeopardized."

[¶ 17] The language in those statutes does not require the alleged conduct to be committed on a specific date or at a specific time. It is undisputed Sheriff Kukowski was the Ward County Sheriff in both 2014 and 2015, and all three of the charges allege criminal conduct regardless of whether that conduct occurred in 2014 or 2015. See Hawkins, 2000 ND 168, ¶ 12, 616 N.W.2d 856. Although the date of an alleged offense is important for applying the statute of limitations the State's complaint was filed on February 16, 2016, and both

the day and year alleged in the complaint, October 6, 2015, and the proposed amendment, October 2014, are within the two-year statute of limitations for a misdemeanor under N.D.C.C. § 29–04–03. The defect in this case is an incorrect date within the limitation period. See Gammill, 421 F.2d at 186.

[¶ 18] The date alleged in the complaint is not an omission of the year of the alleged crimes, which would prevent the complaint from charging an offense within the statute of limitations. See Gammill, 421 F.2d at 186. This also is not a case about failing to file a tax return on time, which requires the return to be filed by a certain day. See United States v. Goldstein, 502 F.2d 526, 528 (3rd Cir. 1974). Nor is this a case about providing alcohol to a minor, which requires the person receiving the alcohol to be a minor. See Hawkins, 2000 ND 168, ¶ 12 n.2, 616 N.W.2d 856. In contrast, reckless endangerment is a crime regardless of the date of the offense. Similarly, a public servant's refusal to perform a duty imposed by law is a crime regardless of the date of the offense.

[¶ 19] We conclude the date is not an essential element of these charges and the date identified in the complaint can only be characterized as a clerical mistake. The State's proposed amendment did not charge an additional or different offense; rather, the defect was an incorrect date within the limitation period. Therefore, the district court misapplied the law in determining the date was an essential element of the charges. The court's statement that Sheriff Kukowski would be subjected to substantial prejudice if the amendment was permitted was in conjunction with that misapplication of the law. We also recognize the court found Sheriff Kukowski was not misled by the erroneous date in the complaint and he had notice of the correct year of the underlying incident giving rise

to the charges, which establishes his substantial rights were not otherwise prejudiced by allowing an amendment. We conclude the court misapplied the law for amendments to criminal complaints and therefore abused its discretion in denying the State's motion to amend the criminal complaint.

## B

[¶ 20] Sheriff Kukowski nevertheless argues the district court correctly denied the motion to amend the complaint based upon the State's repeated failures to comply with discovery. The court's decision, however, was not based upon an argument involving alleged discovery violations and any reliance on that argument to support the court's decision is misplaced.

## IV

[¶ 21] The district court misapplied the law and abused its discretion in concluding the date was an essential element of the charges in this case. We exercise our supervisory jurisdiction and direct the district court to grant the State's motion to amend the complaint.

[¶ 22] Daniel J. Crothers

Lisa Fair McEvers

William A. Neumann, S.J.

Gerald W. VandeWalle, C.J.

Jerod E. Tufte

[¶ 23] The Honorable William A. Neumann, S.J., sitting in place of Kapsner, J., disqualified.