2005 ND 212

**STATE of North Dakota, Plaintiff and Appellee.**

v.

**Clyde RAULSTON, Defendant and Appellant.**

**Clyde Raulston, Petitioner and Appellant,**

v.

**State of North Dakota, Respondent and Appellee.**

Nos. 20050159–20050161.

Supreme Court of North Dakota.

Dec. 20, 2005.

Eric P. Baumann, Minot, N.D., for defendant and appellant.

Nicole E. Foster, State's Attorney, Williston, N.D., for plaintiff and appellee.

CROTHERS, Justice.

[¶ 1]  Clyde Raulston appeals from a district court order denying post-conviction relief and an order denying his motion under Rule 35(a), N.D.R.Crim.P.  We affirm.

I

[¶ 2]  Raulston pled guilty to interference with an emergency call and aggravated assault.  Criminal judgments were entered on December 10, 2004, at which time Raulston was to begin serving a three-year prison sentence with all but 60 days suspended.  Raulston was not immediately incarcerated.

[¶ 3] ˙ During the period before he began serving his sentence, Raulston violated several probation conditions, including failing to report for incarceration, consuming alcohol, and violating a no-contact order.  A hearing was held on December 17, 2004, to address the violations.  At the hearing, the district court explained the minimum and maximum penalties of the underlying convictions and informed Raulston of the possible consequences of an admission.  Raulston then admitted the probation condition violations without benefit of a plea agreement.

[¶ 4]  The court sentenced Raulston to five years imprisonment, three and one-half years suspended, and stated at the close of the hearing, "Who knows, you might be out—back here in eight, nine months if you go through the process right."  A recommendation was made that Raulston be placed in the Tompkins Rehabilitation and Corrections Unit ("Tompkins") for alcohol treatment.

[¶ 5]  Raulston subsequently learned his aggravated assault conviction required him to serve 85 percent of the 18–month sentence, rendering him ineligible for placement at Tompkins.  He promptly applied

for post-conviction relief, arguing that neither his guilty pleas nor his probation violation admissions were knowingly, intelligently, and voluntarily entered and that he was denied effective assistance of counsel. He additionally moved for reduction of an illegal sentence under Rule 35, N.D.R.Crim.P. His application and motion were denied. This appeal followed.

## II

[¶ 6] Relying on *State v. Trieb*, 516 N.W.2d 287 (N.D.1994), Raulston argues the district court erred in denying his motion for reduction of an illegal sentence under N.D.R.Crim.P. 35(a).

[¶ 7] A sentence is illegal under Rule 35(a), N.D.R.Crim.P., if it is not authorized by the judgment of conviction. *Trieb*, 516 N.W.2d at 291–92. Such a sentence may be contrary to statute, fail to comply with a promise of a plea bargain, or be inconsistent with the oral pronouncement of the sentence. *Trieb*, at 292 (citing 3 Wright, *Federal Practice and Procedure: Criminal 2d* §§ 582 and 585 (1982)). Raulston argues the latter situation is present here. During sentencing, the district court stated:

> I'm going to follow the State's recommendation. Five years at Department of Corrections, 18 months to serve. Credit for 11 days [already served]. Three and a half years suspended for three years from release with all the same terms and conditions of probation.... I will join in the State's recommendation for Tompkins and for anger management and ask that those be placed in the judgment so that they'll get you into those tracks as soon as you can. Who knows, you might be out— back here in eight, nine months if you go through the process right.

Because Raulston's aggravated assault conviction required him to serve 85 percent of his sentence, placement in Tompkins and release in eight or nine months were impossibilities.

[¶ 8] When a direct conflict exists between an unambiguous oral pronouncement of a sentence and the written judgment and commitment, federal precedent has held the oral pronouncement must control. *United States v. Munoz–Dela Rosa*, 495 F.2d 253, 256 (9th Cir.1974). However, if only an ambiguity exists between the two sentences, the record must be examined to determine the district court's intent. *United States v. Del Barrio*, 427 F.3d 280, 284 (5th Cir.2005).

[¶ 9] The judge told Raulston in open court that Raulston would be recommended for placement in Tompkins. Such a recommendation was actually placed in the district court's written order. Raulston was also told he might be released in as few as eight or nine months, but this statement was not part of the written order. These statements are at best analogous to an ambiguous oral sentence. Following *Del Barrio*, the intent of the district court controls in such a situation, and the clear intent here was for Raulston to serve as much of his 18–month sentence as required by law. We therefore conclude Raulston's Rule 35(a), N.D.R.Crim.P., motion was properly denied, and the decision of the district court is affirmed.

## III

[¶ 10] Raulston argues the district court erred in denying his application for post-conviction relief. Raulston argues four bases existed for granting post-conviction relief: his pleas were not knowingly, intelligently, and voluntarily entered; he received ineffective assistance of counsel; he should have been awarded default judgment due to the State's failure to

timely respond; and the district court's findings were insufficient.

## A

[¶ 11] Guilty pleas must be knowingly, intelligently, and voluntarily entered to be valid. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); N.D.R.Crim.P. 11. The principles of due process apply to probation revocation proceedings as well. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Raulston was not advised by the court or his counsel prior to entry of his pleas or admissions that defendants convicted of aggravated assault must serve 85 percent of their sentences pursuant to N.D.C.C. § 12.1–32–09.1. He argues this omission is akin to the failure to inform a criminal defendant of a mandatory minimum sentence, which is required under state and federal law for a guilty plea to be considered knowing, intelligent, and voluntary. *State v. Schweitzer,* 510 N.W.2d 612, 615 (N.D.1994); N.D.R.Crim.P. 11(b)(2). This, he argues, renders his pleas and admissions invalid.

[¶ 12] This Court has held the 85 percent service requirement under N.D.C.C. § 12.1–32–09.1 imposes a parole condition and not a "mandatory minimum." *State v. Magnuson,* 1997 ND 228, ¶ 21, 571 N.W.2d 642. Although a district court may inform a defendant of the N.D.C.C. § 12.1–32–09.1 requirements, and is encouraged to do so, there is no such requirement under the rules of criminal procedure or North Dakota law. *Magnuson,* at ¶ 21. Raulston invites us to overturn *Magnuson,* but has failed to provide a compelling reason to do so. Thus, we decline to overturn *Magnuson* and conclude the district court was correct in determining that Raulston's pleas were voluntary and intelligent.

## B

[¶ 13] Raulston argues he was deprived of his right to effective assistance of counsel, guaranteed by the Sixth Amendment of the United States Constitution and Article I, § 12 of the North Dakota Constitution because his attorney didn't inform Raulston either that he was required to serve 85 percent of his sentence or that he was ineligible for placement at Tompkins.

[¶ 14] To prevail on an ineffective assistance of counsel claim, a defendant must prove that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defendant. *Heckelsmiller v. State,* 2004 ND 191, ¶ 3, 687 N.W.2d 454. The first prong of the test requires Raulston to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Skaro,* 474 N.W.2d 711, 715 (N.D.1991) (quoting *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The second prong requires Raulston to show that "but for his counsel's errors, the result of the proceeding would have been different." *Syvertson v. State,* 2000 ND 185, ¶ 22, 620 N.W.2d 362.

[¶ 15] Here, Raulston's defense counsel had experience in criminal defense and appears to have handled this case competently. It is unlikely that counsel's failure to inform Raulston of the 85 percent service requirement and Raulston's ineligibility for Tompkins rendered counsel's performance outside the "wide range of professional assistance."

[¶ 16] However, Raulston fails on prong two, even assuming for purposes of discussion the first element was met and counsel's performance was insufficient. Raulston admitted his parole violations

without the benefit of any sort of plea agreement or arrangement, knowing his sentence may be as great as ten years and his probation conditions may change. The record also shows Raulston failed to timely begin his incarceration and he violated two probation conditions—a prohibition on alcohol consumption and a no-contact order. In fact, after the time he was required to report for incarceration, Raulston was found intoxicated and in the company of the subject of the no-contact order. Due to this evidence, the result would not have changed even if Raulston declined to admit his violations after having been informed of the 85 percent requirement. Therefore, Raulston's ineffective assistance of counsel claim fails.

## C

[¶ 17]   Raulston next argues that the district court erred in denying his timely motion for default judgment because the State failed to respond to his January 26, 2005 application for post-conviction relief until April 8, 2005. Section 29–32.1–06(1), N.D.C.C., requires the State to respond to a motion for post-conviction relief within 30 days or "within any further time the court may allow."

[¶ 18]   Section 29–32.1–06, N.D.C.C., gives a district court discretion to extend the State's allowable time to respond to a post-conviction relief action beyond the stated thirty-day response requirement. *Bell v. State*, 1998 ND 35, ¶ 24, 575 N.W.2d 211. Furthermore, Raulston's claims were considered on their merits by the court. Under these circumstances, a district court does not abuse its discretion by refusing to grant default judgment. *Id.* at ¶ 30.

## D

[¶ 19]   Raulston argues the district court failed to make proper findings of fact in its denial of post-conviction

relief. We agree that N.D.C.C. § 29–32.1–11(1) requires a court to make findings on material questions of fact and to state its conclusions of law. Here, as in *Owens v. State*, 1998 ND 106, ¶ 43, 578 N.W.2d 542, the district court issued an order addressing "various facets" of the ineffective assistance of counsel claims. While we do not encourage district courts to engage in such a "minimalist" approach, we conclude based on the record before us that the failure to make more explicit findings and conclusions was harmless error.

## IV

[¶ 20]   We conclude the district court's denial of post-conviction relief and rejection of Raulston's N.D.R.Crim.P. 35(a) motion were appropriate, and we therefore affirm both orders of the district court.

[¶ 21] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.