# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Antonio D. Bordeaux, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2012-212349

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Beaufort County
Michael G. Nettles, Circuit Court Judge

---

Opinion No. 27457
Heard September 23, 2014 – Filed October 29, 2014

---

## AFFIRMED IN PART, REVERSED IN PART

---

Assistant Attorney General James Rutledge Johnson, of
Columbia, for Petitioner.

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Respondent.

---

**JUSTICE PLEICONES:** We granted certiorari in this post-conviction relief
(PCR) action to review the Court of Appeals' decision, which remanded for a
determination of the lawfulness of Antonio Bordeaux's sentence. *Bordeaux v.
State*, Op. No. 2012-UP-284 (S.C. Ct. App. filed May 9, 2012). The State argues

the Court of Appeals erred because the unambiguous plea colloquy and imposition of sentence control over the ambiguous written sentence. We agree. It is clear Bordeaux pleaded guilty to *first* degree burglary, was sentenced within the legal limits for that crime, and in consonance with his negotiated plea agreement. We therefore affirm in part and reverse in part.

## FACTUAL/PROCEDURAL BACKGROUND

Bordeaux's plea agreement was capped at a sentence of twenty-five years. He pled guilty to two counts of armed robbery and two counts of burglary. He was sentenced to twenty-four years' imprisonment on the armed robbery charges, and to twenty-five years' imprisonment, suspended upon the service of twenty years with three years' probation on the burglary counts.

Bordeaux's plea proceeding was conducted simultaneously with that of his co-defendant, Wesley Washington. Like Bordeaux, Washington had been indicted on two counts of first degree burglary, but pleaded guilty to two counts of second degree burglary. The transcript demonstrates that the plea colloquy with the trial judge alternated between Bordeaux and Washington. During Bordeaux's plea colloquy, he acknowledged on at least *seven* occasions that he was pleading guilty to two counts of *first* degree burglary. At sentencing, Bordeaux was again reminded, and acknowledged, that he was being sentenced pursuant to his plea negotiations for two counts of first degree burglary, each of which carried a minimum fifteen-year sentence, and a maximum of life imprisonment. The trial judge announced Bordeaux's sentence for first degree burglary as:

> "a term of *twenty-five years*, provided that upon the service of twenty years the balance is suspended and you be placed on probation for a period of three years." (Emphasis added).

The sentencing sheets, however, indicated Bordeaux pleaded guilty to "Burglary 2nd Degree," included the CDR Code for second degree burglary, and referenced S.C. Code Ann. § 16-11-312 (2014), the second degree burglary statute. Despite these references, the sentencing sheets also indicated Bordeaux pleaded guilty "as indicted," and that his sentence was in accord with the plea colloquy.

At the PCR hearing, Bordeaux claimed his twenty-five year sentence was illegal because the sentencing sheets clearly indicated that he pleaded guilty to second degree burglary, and because his twenty-five year sentence exceeded the maximum for second degree burglary. *See* § 16-11-312(C)(2) (setting a fifteen-year maximum term of imprisonment for defendants convicted of second degree

burglary pursuant to § 16-11-312(B)).  In support of his contention, Bordeaux offered into evidence the two sentencing sheets.  Bordeaux further testified that after the sentencing sheets were signed, someone scratched out "15" years, and replaced it with "25" years.

The PCR judge granted Bordeaux a new trial as to the burglary charges because he found Bordeaux was serving an illegal sentence for second degree burglary given his sentence of twenty-five years.  The PCR judge based his finding on his conclusion that Bordeaux's sentencing sheets amounted to a "contract" between Bordeaux and the State, and trumped the unequivocal plea transcript.

The State appealed.  The Court of Appeals reversed and remanded for a determination of the lawfulness of Bordeaux's sentence given the conflict between his plea colloquy and the sentencing sheets.  *Bordeaux*, Op. No. 2012-UP-284. The court found the PCR judge committed an error of law in ruling the sentencing sheets definitively took precedence over the unambiguous plea transcript and directed the PCR judge, on remand, to give "appropriate weight to the plea transcript."  *Id.*  The State sought certiorari on the remand issue.  We granted the petition.

## ISSUE

Did the Court of Appeals err in remanding for reconsideration of the legality of Bordeaux's convictions and sentences for first degree burglary?

## LAW/APPLICATION

Whether a sentencing transcript or sentencing sheet is ambiguous is a question of law.  *See Tant v. S.C. Dep't of Corr.*, 408 S.C. 334, 346, 759 S.E.2d 398, 404 (2014).  Likewise, whether a PCR applicant is serving an illegal sentence is a question of law.  *See Talley v. State*, 371 S.C. 535, 545, 640 S.E.2d 878, 883 (2007); *see also United States v. Johnson*, No. 13-3649, 2014 WL 4211065, at *7 (7th Cir. Aug. 27, 2014) (comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law).  We therefore review de novo the lawfulness of a sentence.  *See Tant*, 408 S.C. at 346, 759 at 404; *Talley*, 371 S.C. at 545, 640 S.E.2d at 883.

A sentence is ambiguous if its pronouncement is susceptible of differing interpretations based on the totality of the circumstances.  *See United States v. Stallone*, 399 F.2d 415, 422–27 (2d Cir. 2005) (viewing the totality of the circumstances to determine whether a sentencing pronouncement was ambiguous);

*Tant*, 408 S.C. at 344–45, 759 S.E.2d at 403–04 (finding both the oral and written sentencing pronouncements were ambiguous because it was not clear from either whether Tant's sentences were to run concurrently or consecutively). An unambiguous sentencing pronouncement will control over an ambiguous sentence, whether oral or written, so long as giving effect to that pronouncement does not result in an illegal sentence or a deprivation of a defendant's constitutional rights. *See, e.g.*, *Boan v. State*, 388 S.C. 272, 277, 695 S.E.2d 850, 852 (2010) (declining to give effect to an unambiguous sentencing sheet over an unambiguous plea colloquy because to do so would result in a deprivation of the defendant's right to due process).

Here, Bordeaux's oral sentencing pronouncement was subject to only one interpretation as it is clear Bordeaux pled guilty to two counts of *first* degree burglary, and he was sentenced in consonance with his negotiated plea agreement. As stated, Bordeaux acknowledged on seven occasions that he was pleading guilty to two counts of *first* degree burglary. Further, Bordeaux twice acknowledged that he was being sentenced pursuant to a negotiated agreement, which included pleading guilty to two counts of *first* degree burglary. Moreover, the trial judge reminded Bordeaux that he was being sentenced for pleading guilty to two counts of *first* degree burglary. Thus, we find the oral sentencing pronouncement unambiguous as it is susceptible of only one interpretation. *Cf. Tant*, 408 S.C. at 344–45, 759 S.E.2d at 403–04.

On the other hand, the written sentences were subject to multiple interpretations as it is not clear whether Bordeaux pleaded guilty to first or second degree burglary. For example, the sentencing sheets indicated Bordeaux was being sentenced for "Burglary 2nd degree," included the attendant CDR Code for that crime, and referenced the *second* degree burglary statute. Yet, the sentencing sheets also indicated that he was being sentenced "as indicted," and Bordeaux's indictments referenced only *first* degree burglary. Moreover, one sentencing sheet had a sentence of fifteen years crossed out and replaced with the twenty-five year sentence. If Bordeaux had in fact pleaded guilty to second degree burglary as the sentencing sheets suggested, his sentence of twenty-five years would have exceeded the fifteen year maximum for that crime. *See* § 16-11-312(C)(2). Therefore, we find the written sentencing pronouncements are ambiguous as they are susceptible of differing interpretations.[1] *See Tant*, 408 S.C. at 344–45, 759 S.E.2d at 403–04.

---

[1] It appears the ambiguity may have arisen from the confusion attendant upon the

Therefore, we affirm in part the Court of Appeals' decision as we agree the PCR judge committed an error of law in ruling the ambiguous sentencing sheets took precedence over the unambiguous plea transcript. However, we reverse the Court of Appeals' decision to remand because we find as a matter of law that Bordeaux pleaded guilty to two counts of first degree burglary and was properly sentenced to twenty-five years' imprisonment pursuant to his negotiated plea agreement. *See Talley*, 371 S.C. at 545, 640 S.E.2d at 883.

**AFFIRMED IN PART, REVERSED IN PART.**

**TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

plea proceeding being conducted simultaneously with Washington's who was "pleading down" to burglary second.