2017 ND 213

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Mark RATH, Respondent and Appellant**

No. 20170077

Supreme Court of North Dakota.

Filed 8/29/2017

Marina Spahr, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Mark A. Rath, Bismarck, N.D., respondent and appellant.

McEvers, Justice.

[¶ 1] Mark Rath appeals from a district court order denying his petition to correct his sentence or declare a "mistrial" based on his claim of prejudicial sentencing. We conclude the court did not abuse its discretion in denying Rath's petition under N.D.R.Crim.P. 35 because his sentence was not illegal. We treat his request on appeal, however, as a request for a writ of supervision based on the district court's oral pronouncement during his resentencing in 2012 for a felony that he would keep his "misdemeanor disposition." We conclude this is an appropriate case to exercise our discretionary supervisory jurisdiction. We remand with instructions for the district court to direct the clerk of district court to change the disposition of this case to a misdemeanor under N.D.C.C. § 12.1–32–02(9).

I

[¶ 2] In May 2012, Rath pled guilty to perjury, a class C felony. The district court entered a criminal judgment sentencing him to one year in prison, commencing on May 7, 2012, with all but three days suspended, and to three years of supervised

probation subject to specified conditions. He was also given credit for time served.

[¶ 3] On May 29, 2012, the State petitioned the court to revoke Rath's probation. At an August 28, 2012, revocation hearing, the district court found Rath violated the terms of his probation, revoked his probation and resentenced him, stating:

> And so what I'm going to sentence you to in this case, I'm not going to take away the misdemeanor disposition, I'll— it will stay one year all but time served suspended for three years, we're going to stay on supervised probation. You're going to stay on electronic monitoring with the one quarter mile restriction.
>
> I am going to add a requirement that you obtain a psychological evaluation within 90 days and follow through with recommended treatment. I'm not going to impose a domestic violence treatment that was requested, at least not at this time. I guess if—we'll see what the treatment, if any is, as a result of the psychological evaluation.
>
> But I'm hoping that with these additional requirements and the clarification and the monitoring that we won't see you back here on this at least.

(Emphasis added.) On August 31, 2012, the district court entered its order revoking Rath's probation and entered an amended criminal judgment resentencing him to one year in prison, commencing on August 28, 2012, with all but eight days suspended, and to three years of supervised probation with additional conditions. He was again given credit for time served.

[¶ 4] In July 2015, Rath filed a petition in the district court seeking to clarify whether his sentence would still be classified as a misdemeanor after successful completion of his probation. In August 2015, the court, through a different judge, responded by letter that answering Rath's petition would constitute legal advice. The State also filed a response. The court did not enter a formal order on Rath's petition.

[¶ 5] In February 2017, Rath filed a petition to correct his sentence or to declare a mistrial on prejudicial sentencing, contending his felony charge should be reduced to a misdemeanor based on the sentencing judge's oral pronouncement at the August 2012 resentencing. The court entered an order denying his petition, stating: "The defendant did not successfully complete probation, therefore he is not entitled to the benefit of a misdemeanor sentence."

II

[¶ 6] Rath argues the district court erred in denying his petition to correct his sentence. "[A]n order denying a motion for correction of an illegal sentence under N.D.R.Crim.P. 35(a) involves a substantial right and is appealable." *Rahn v. State*, 2007 ND 121, ¶ 9, 736 N.W.2d 488. We have outlined the procedure for correcting an illegal sentence under N.D.R.Crim.P. 35:

> Rule 35(a)(1), N.D.R.Crim.P., provides, "The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1)." A sentence is illegal under Rule 35(a) if it is not authorized by the judgment of conviction. *State v. Raulston*, 2005 ND 212, ¶ 7, 707 N.W.2d 464. We have recognized that an illegal sentence may be contrary to statute, fail to comply with a promise of a plea bargain, or be inconsistent with the oral pronouncement of the sentence. *Id.*

*State v. Gray*, 2017 ND 108, ¶ 17, 893 N.W.2d 484 (quoting *State v. Edwards*,

2007 ND 113, ¶ 5, 736 N.W.2d 449) (emphasis added).

[¶ 7] "When a direct conflict exists between an unambiguous oral pronouncement of a sentence and the written judgment and commitment, federal precedent has held the oral pronouncement must control." *Raulston*, 2005 ND 212, ¶ 8, 707 N.W.2d 464. "[I]f only an ambiguity exists between the two sentences, the record must be examined to determine the district court's intent." *Id.* Nonetheless, "a defendant 'cannot collaterally attack the underlying conviction by way of a motion to correct an illegal sentence.'" *Gray*, at ¶ 17 (quoting *State v. Ertelt*, 1997 ND 15, ¶ 6, 558 N.W.2d 860).

### III

[¶ 8] Rath argues that the district court committed prejudicial error in denying his petition by refusing to honor the sentencing judge's oral pronouncement at the August 2012 resentencing and that the ends of justice would be met through retraction of his guilty plea. He contends the court abused its discretion in dismissing his petition and his substantial rights have been violated by denying him the "misdemeanor disposition" promised at his August 2012 resentencing. Rath also attempts to collaterally attack the August 2012 order revoking his initial term of probation, which is not permitted by way of a motion to correct an illegal sentence. He asserts he did not appeal the revocation in 2012 based on the court's oral pronouncement.

[¶ 9] This case involves application of N.D.C.C. § 12.1–32–02(9), which states:

> A person who is convicted of a felony and sentenced to imprisonment for not more than one year is deemed to have been convicted of a misdemeanor upon successful completion of the term of imprisonment and a term of probation imposed as a part of the sentence. This subsection does not apply to a person convicted of violating subdivision a, b, or c of subsection 1 of section 19–03.1–23.

(Emphasis added.)

[¶ 10] Although not applicable here, from 2001 to 2009 this provision had stated: "[A] person who is convicted of a felony and sentenced to imprisonment for not more than one year is deemed to have been convicted of a misdemeanor. However, if an order is entered revoking a probation imposed as a part of the sentence, the person is deemed to have been convicted of a felony." (Emphasis added.) 2001 N.D. Sess. Laws ch. 138, § 1. This language was amended in 2009 to its present form, returning the statute to similar pre–2001 language that required the conviction to remain a felony until the "successful completion" of a sentence. *See* 2009 N.D. Sess. Laws ch. 135, § 1; *see also* N.D.C.C. § 12.1–32–02(9) (1997) ("A person who is convicted of a felony and sentenced to imprisonment for not more than one year is deemed to have been convicted of a misdemeanor upon successful completion of the term of imprisonment and any term of probation imposed as part of the sentence." (emphasis added)).

[¶ 11] On its face, however, this case does not involve an illegal sentence that may be "corrected" under N.D.R.Crim.P. 35(a). Neither of the sentences in the original criminal judgment and the amended criminal judgment are contrary to statute. Rath pled guilty to perjury, was convicted of a class C felony, and received a one-year sentence. The court's sentencing was within the legal range of punishment. Moreover, at the August 28, 2012, hearing, the district court resentenced Rath to one year in prison with additional conditions. As part of the "misdemeanor disposition," the court had again imposed a one-year prison term. To

that extent, the oral pronouncement and the written resentencing in the amended judgment are consistent. Therefore, the district court did not err in dismissing Rath's petition to correct an "illegal" sentence. Under N.D.C.C. § 12.1–32–02(9), in its present form, the conviction remains a felony until the "successful completion" of the sentence.

[¶ 12] What remains at issue is how to interpret the district court's August 2012 oral pronouncement of a "misdemeanor disposition" in this case. The State has consistently maintained that any "misdemeanor disposition" is no longer possible under N.D.C.C. § 12.1–32–02(9) because Rath's initial term of probation was revoked. At the August 2012 hearing, the State asked that Rath be resentenced to three years in prison with all time suspended for three years, and stated: "Also this would—just the virtue of being revoked takes away his misdemeanor disposition but also keeps the prohibition for contact as it is in the current court order, Your Honor." (Emphasis added.) In its February 2017 order denying Rath's current petition, the district court held Rath is not entitled to the benefit of a misdemeanor sentence because he did not successfully complete probation. What is at issue, therefore, is whether the district court's oral pronouncement at Rath's resentencing, *i.e.*, that he would keep his "misdemeanor disposition," is either ambiguous or itself an illegal sentence under N.D.C.C. § 12.1–32–02(9).

[¶ 13] Courts have held that "[a] sentence is ambiguous if its pronouncement is susceptible of differing interpretations based on the totality of the circumstances." *Bordeaux v. State*, 410 S.C. 495, 765 S.E.2d 143, 145 (2014). "An unambiguous sentencing pronouncement will control over an ambiguous sentence, whether oral or written, so long as giving effect to that

pronouncement does not result in an illegal sentence or a deprivation of a defendant's constitutional rights." *Id.* Further, in *State v. Posey*, 300 S.W.3d 23, 34–35 (Tex. Ct. App. 2009) (internal citations omitted), the court concluded a variance between an "unenforceable oral pronouncement and the written judgment did not affect [the defendant's] substantial rights":

We arrive then at the facts that we have an oral pronouncement of an illegal sentence and a written judgment that reflects a punishment within the appropriate range. Application of the general rule would require that we direct the imposition of an illegal sentence, an act which the Texas Court of Criminal Appeals has refused to do. We have taken that same stance and recognized this situation as one in which the general rule regarding oral pronouncement and written judgment does not apply. We will not direct the imposition of an illegal sentence. This is not an issue proper for reformation but is, instead, a matter of a variance between the oral pronouncement and the written judgment. We must determine whether the error was harmful. That is, we must determine whether the variance affected Posey's substantial rights.

Nothing in the record suggests that Posey pleaded true to the State's allegation based on an agreement that the two-year sentence originally imposed would be reduced to twenty-two months; his plea of true preceded the oral pronouncement by the trial judge. Further, the written judgment is within the legal range of punishment and the two-year sentence is, in fact, the absolute minimum term of imprisonment for a third-degree felony. Further, the Texas Code of Criminal Procedure provides that "[t]he sentence served shall be based on the information contained in the judg-

ment." We conclude that the variance between the unenforceable oral pronouncement and the written judgment did not affect Posey's substantial rights.

[¶ 14] The district court's August 28, 2012, oral pronouncement plainly states the court would not take away Rath's "misdemeanor disposition." If the court was merely referring to the one-year prison term, the court's oral pronouncement is, at best, unclear or ambiguous. The court may also have simply misstated or misspoken regarding the impact of its sentence on N.D.C.C. § 12.1–32–02(9). If, as the State contends, Rath was unable to "successfully complete" a term of probation after his resentencing, the language in this "deeming" provision would cease to operate. If the State's and subsequent court's interpretation is correct, the prior court's oral pronouncement that Rath could keep a "misdemeanor disposition" after being revoked would be contrary to N.D.C.C. § 12.1–32–02(9), and, therefore, itself would be an illegal sentence. While Rath has asserted his substantial rights have been violated, this Court would not remand for the court to impose an illegal sentence.

▇ [¶ 15] We conclude, however, that N.D.C.C. § 12.1–32–02(9) is ambiguous as applied to the facts and circumstances of this case. The rule of lenity "requires ambiguous criminal statutes to be construed in a defendant's favor." *State v. Laib*, 2002 ND 95, ¶ 15, 644 N.W.2d 878. This rule is defined as "[t]he judicial doctrine holding that a court, in construing an ambiguous criminal statute that sets out multiple or inconsistent punishments, should resolve the ambiguity in favor of the more lenient punishment." *Black's Law Dictionary* 1449 (9th ed. 2009); *see also State v. Drader*, 432 N.W.2d 553, 554–55 (N.D.1988) (probation conditions strictly construed in favor of the offender).

[¶ 16] Here, the district court's oral pronouncement can be understood to allow Rath to obtain a "successful completion" of "a term of probation" under the amended criminal judgment. The amended judgment imposed a "new" one-year term, then commencing on August 28, 2012, with a "new" term of probation. To the extent that N.D.C.C. § 12.1–32–02(9) is ambiguous as applied to the court's August 2012 oral pronouncement, construing the statute in Rath's favor, a reduction to a misdemeanor would be appropriate if he "successfully completed" the amended judgment's probation term. The record suggests Rath successfully completed "a term of probation" as the register of actions in this case does not show Rath's new term of probation commencing on August 28, 2012, was revoked. The State did not dispute that he completed the term of probation after resentencing.

▇ [¶ 17] We have discussed our authority to issue supervisory writs:

This Court's discretionary authority to issue supervisory writs under N.D. Const. art. VI, § 2, and N.D.C.C. § 27–02–04 cannot be invoked as a matter of right and is exercised on a case-by-case basis, considering the unique circumstances of each case. *State v. Louser*, 2017 ND 10, ¶ 5, 890 N.W.2d 1; *State ex rel. Madden v. Rustad*, 2012 ND 242, ¶ 5, 823 N.W.2d 767; *State ex rel. Roseland v. Herauf*, 2012 ND 151, ¶ 3, 819 N.W.2d 546; *State ex rel. Harris v. Lee*, 2010 ND 88, ¶ 6, 782 N.W.2d 626; *Forum Commc'ns Co. v. Paulson*, 2008 ND 140, ¶ 8, 752 N.W.2d 177. "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists." *Lee*, at ¶ 6. "We generally will decline to exercise supervisory jurisdiction if the proper remedy

is an appeal." *Herauf*, at ¶ 3. "Exercise of supervisory jurisdiction may be warranted when issues of vital concern regarding matters of important public interest are presented." *Lee*, at ¶ 6.

*State v. Romanick*, 2017 ND 42, ¶ 6, 890 N.W.2d 803.

[¶ 18] Because we determine no adequate alternative remedy exists, we treat Rath's request on appeal as seeking a writ of supervision based on the district court's oral pronouncement during the resentencing in 2012 that Rath would keep his "misdemeanor disposition." We conclude this is an appropriate case to exercise our discretionary supervisory jurisdiction. We therefore remand with instructions to the district court to direct the clerk of district court to change the disposition of this case to a misdemeanor under the language of N.D.C.C. § 12.1–32–02(9).

### IV

[¶ 19] We exercise our discretionary supervisory jurisdiction and remand with instructions to the district court to direct the clerk of district court to change the disposition of this case to a misdemeanor.

[¶ 20] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Carol Ronning Kapsner, S.J.

Gerald W. VandeWalle, C.J.

[¶ 21] The Honorable Jon J. Jensen was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Carol Ronning Kapsner, sitting.