# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 66

State of North Dakota,                                                          Plaintiff and Appellee

v.

James X. Alberts, Jr.,                                                          Defendant and Appellant

No. 20180187

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Kari M. Agotness, Ramsey County State's Attorney, Devils Lake, ND, for plaintiff and appellee.

Scott O. Diamond, Fargo, ND, for defendant and appellant.

**VandeWalle, Chief Justice.**

[¶1]    James Alberts Jr. appealed from an amended order revoking his probation and sentencing him to life in prison with the possibility of parole.  Alberts argues the district court erred in revoking his probation because he was not on probation and the court had no legal authority to act.  We affirm the order.

I

[¶2]    In 2008, Alberts pled guilty to murder under N.D.C.C. § 12.1-16-01, a class AA felony.  The district court sentenced Alberts to 20 years in prison with the balance suspended for five years after he served seven years.  The court ordered Alberts to serve the suspended portion on probation subject to the conditions set out in Appendix A, entitled "Conditions for Sentence to Probation Deferred or Suspended Sentence."  In May 2013, the conditions of Alberts' probation were amended to include that he have no contact with children under the age of 18, except his biological siblings and their biological children and only if another adult approved by his probation officer was present.

[¶3]    In October 2013, the State moved to revoke Alberts' probation.  After a hearing, the district court revoked Alberts' probation, finding he violated the conditions of his probation.  The court resentenced Alberts to life in prison, ordering him to serve 11 years with credit for time previously served and with "the remainder suspended for five (5) years from release from DOCR, with his previous Appendix A reimposed."

[¶4]    In December 2017, the State moved to revoke Alberts' probation.  The State alleged Alberts violated various conditions of his probation including being in possession of a dangerous weapon, failing to report to his probation officer, and committing multiple offenses.

1

[¶5]   After a hearing, the district court entered an order finding Alberts violated the conditions of his probation and revoking his probation. The court resentenced Alberts to life in prison with the possibility of parole. The order was later amended to include information about when Alberts may be eligible for release from confinement.

II

[¶6]   Alberts argues the district court erred by revoking his probation. He claims the court's 2013 order resentencing him did not say the suspended portion of the sentence was subject to probation or state the length of the term of probation, and therefore the court did not impose probation as part of his sentence. He contends he was not on probation and the court had no authority to revoke his probation and resentence him.

[¶7]   Alberts did not raise this issue before the district court. We generally do not consider issues raised for the first time on appeal unless they rise to the level of obvious error under N.D.R.Crim.P. 52(b). *State v. Lott*, 2019 ND 18, ¶ 8, 921 N.W.2d 428.

> To establish obvious error, the defendant has the burden to demonstrate plain error which affected his substantial rights. To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law. There is no obvious error when an applicable rule of law is not clearly established.

*Id.* (quoting *State v. Tresenriter*, 2012 ND 240, ¶ 12, 823 N.W.2d 774).

[¶8]   The 2013 order revoking Alberts' probation states Alberts is resentenced to:

> Life in prison, to serve eleven (11) years, with credit of seven (7) years and 23 days, and the remainder suspended for five (5) years from release from DOCR, with his previous Appendix A reimposed. The DOCR staff and probation officer are authorized to place the Defendant on GPS, EMS, or AMS at their discretion, pursuant to Item 26 of Appendix A. Pursuant to the Order to Modify conditions of Probation and Amended Criminal Judgment, the Defendant shall have no contact with children under the age of eighteen (18) with the exception of his biological siblings and their biological children, and only if another adult, who has been approved by his parole/probation officer, is present.

2

During the hearing on the 2013 revocation the court stated, "I'm going to sentence him to life imprisonment to serve eleven years, credit for time served, the remainder shall be suspended for a period of five years from the date of his release subject to supervised probation."

[¶9] Alberts has not cited any legal rule under current law supporting his claim that probation was not ordered as part of his sentence under these circumstances. Although the written order does not specifically state Alberts would be on probation during the suspended portion of his sentence, the district court informed Alberts during the 2013 revocation hearing that the suspended portion of his sentence was subject to supervised probation.

[¶10] This Court has addressed inconsistencies or ambiguities between a written and oral sentence in other cases. *See, e.g., State v. Rath*, 2017 ND 213, 901 N.W.2d 51; *State v. Raulston*, 2005 ND 212, ¶¶ 8-9, 707 N.W.2d 464. We have said:

> When a direct conflict exists between an unambiguous oral pronouncement of a sentence and the written judgment and commitment, federal precedent has held the oral pronouncement must control. [I]f only an ambiguity exists between the two sentences, the record must be examined to determine the district court's intent.

*Rath*, at ¶ 7 (internal citations and quotations omitted). "[A] sentence is ambiguous if its pronouncement is susceptible of differing interpretations based on the totality of the circumstances." *Rath*, at ¶ 13 (quoting *Bordeaux v. State*, 765 S.E.2d 143, 145 (S.C. 2014)). "An unambiguous sentencing pronouncement will control over an ambiguous sentence, whether oral or written, so long as giving effect to that pronouncement does not result in an illegal sentence or a deprivation of a defendant's constitutional rights." *Rath*, at ¶ 13 (quoting *Bordeaux*, at 145).

[¶11] The oral pronouncement of Alberts' sentence was unambiguous and clearly informed Alberts the suspended portion of his sentence was subject to supervised probation. The written order did not explicitly state Alberts' sentence included probation, but it stated the probation conditions contained in his previous Appendix A were reimposed, including that he have no contact with children under the age of 18, except his biological siblings and their biological children and only if another

3

adult approved by his probation officer was present. At most, the written order was ambiguous or unclear. The court's intent controls in this situation. *See Raulston*, 2005 ND 212, ¶ 9, 707 N.W.2d 464.

[¶12]   Section 12.1-32-02(3), N.D.C.C., states, "A court may suspend the execution of all or a part of the sentence imposed. The court shall place the defendant on probation during the term of suspension." The statute requires the court to order probation during the term of a suspended sentence. The district court's written order explicitly states the probation conditions in Appendix A are imposed and refers to Alberts' probation officer. The written order implies Alberts' sentence included probation. The court's oral pronouncement plainly states the remainder of the sentence was suspended for a period of five years subject to supervised probation. The court's intent was clear, Alberts was sentenced to probation during the term of suspension.

[¶13]   Alberts was on probation when the State moved to revoke his probation. The district court had authority to revoke Alberts' probation and resentence him. Alberts has not shown a clear deviation from an applicable legal rule, and he failed to establish the court committed obvious error by revoking his probation.

III

[¶14]   Alberts argues it is in the best interests of justice to vacate the district court's order revoking his probation and resentencing him. He contends the court did not want to sentence him to life in prison but reasoned it could not sentence him to another term of probation under *State v. Stavig*, 2006 ND 63, 711 N.W.2d 183. He claims the court wanted to give him a less severe sentence but could not do so under the applicable statutory sentencing laws, and the sentence should be vacated so the court can impose an appropriate sentence.

[¶15]   The district court has discretion in deciding a criminal sentence, and this Court does not have the power to review the discretion of a sentencing court in fixing a term of imprisonment that is within the range allowed by statute. *State v. Ennis*, 464

N.W.2d 378, 382 (N.D. 1990). Our review of a sentence focuses on determining whether the district court acted within the limits prescribed by statute, or substantially relied on an impermissible factor. *State v. Wardner*, 2006 ND 256, ¶ 27, 725 N.W.2d 215. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or if its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* at ¶ 26.

[¶16] Section 12.1-32-07(6), N.D.C.C., authorizes the district court to resentence a defendant if the defendant's probation is revoked, stating:

> If the defendant violates a condition of probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1-32-02 or 12.1-32-09 at the time of initial sentencing or deferment.

Following Alberts' 2018 probation revocation, the district court could impose any sentence that was available under N.D.C.C. § 12.1-32-02 when Alberts was initially sentenced for his murder conviction in 2008.

[¶17] In 2008, N.D.C.C. § 12.1-32-02 listed various sentencing alternatives, including probation and imprisonment, and stated "Every person convicted of an offense who is sentenced by the court must be sentenced to one or a combination" of the listed alternatives. Section 12.1-32-06.1, N.D.C.C., governs sentences of probation, and at the time of Alberts' initial sentencing,[1] stated:

> 1. Except as provided in this section, the length of the period of probation imposed in conjunction with a sentence to probation or a suspended execution or deferred imposition of sentence may not extend for more than five years for a felony . . . from the later date of :
> > a. The order imposing probation;
> > b. The defendant's release from incarceration; or
> > c. Termination of the defendant's parole.
> . . . .
> 5. In felony cases, in consequence of violation of probation conditions, the court may impose an additional period of probation not to exceed

---

[1]Section 12.1-32-06.1, N.D.C.C., was amended in 2015. *See* 2015 N.D. Sess. Laws ch. 114, § 1.

five years. The additional period of probation may follow a period of incarceration if the defendant has not served the maximum period of incarceration available at the time of initial sentencing or deferment.

This Court interpreted N.D.C.C. § 12.1-32-06.1(5) in *Stavig*, 2006 ND 63, ¶ 16, 711 N.W.2d 183, and held "an additional period of probation" means one additional period of probation and a defendant can only be sentenced to a maximum of two periods of probation. *See also State v. Perales*, 2012 ND 158, ¶ 15, 820 N.W.2d 119.

[¶18] Under N.D.C.C. §§ 12.1-32-06.1(5) and 12.1-32-07(6), Alberts can only be sentenced to a maximum of two periods of probation. Alberts was serving his first probationary period when his probation was revoked and he was resentenced in 2013. He was serving his second probationary period when his probation was revoked in 2018. Alberts had already served the two probationary periods authorized by N.D.C.C. § 12.1-32-06.1(5) prior to his 2018 resentencing. Because he had already served two probationary periods, the district court did not have authority to sentence Alberts to a third period of probation. *See Perales*, at ¶ 21.

[¶19] The district court sentenced Alberts to life in prison with the possibility of parole. Alberts was convicted of murder under N.D.C.C. § 12.1-16-01, a class AA felony. The maximum sentence for a class AA felony in 2008 was life in prison without the possibility of parole. N.D.C.C. § 12.1-32-01. The ordered sentence is within the maximum term authorized by statute at the time of Alberts' initial sentencing. The court sentenced Alberts within the range authorized by law.

[¶20] The district court did not err in resentencing Alberts to life in prison with the possibility of parole. The court did not abuse its discretion by revoking Alberts' probation and resentencing him.

## IV

[¶21]   We affirm the amended order revoking Alberts' probation.

[¶22]   Gerald W. VandeWalle, C.J.
Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte