# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 203

State of North Dakota,                                                   Plaintiff and Appellee

v.

Amanda R. Dockter,                                                     Defendant and Appellant

No. 20190061

Appeal from the District Court of Eddy County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Ashley L. Lies, State's Attorney, New Rockford, ND, for plaintiff and appellee.

Samuel A. Gereszek, East Grand Forks, MN, for defendant and appellant.

**McEvers, Justice.**

[¶1]    Amanda Dockter appeals from an order revoking her probation.  We conclude the district court did not abuse its discretion in revoking Dockter's probation.  We affirm the order and remand to the court to correct the period of supervised probation from five years to three years as required by N.D.C.C. § 12.1-32-06.1(2).


I

[¶2]    Dockter was initially charged with corruption or solicitation of a minor in Eddy County.  In November 2017, the State amended the charge against Dockter to include abuse or neglect of a child, a class C felony.  On November 9, 2017, Dockter pled guilty in Eddy County to the child neglect charge under N.D.C.C. § 14-09-22.1 and was committed to the Department of Corrections and Rehabilitation for a term of one year and one day with 336 days suspended and placed on supervised probation for a period of five years.  Dockter was ordered to report to the Stutsman County Correctional Facility for the period of confinement on January 1, 2018.  She finished serving her 30-day jail sentence on the child neglect charge on January 28, 2018.

[¶3]    In January 2019, Dockter's probation officer petitioned to revoke her probation, alleging she had tested positive for methamphetamine on November 30 and December 22, 2017, and was convicted of five other criminal charges in Stutsman County on January 14, 2019, including child neglect and felon in possession of a firearm.

[¶4]    At a February 14, 2019 probation revocation hearing, Dockter admitted she engaged in the conduct alleged in the petition to revoke and argued about the disposition. The district court found she violated the conditions of her probation. The court issued an order revoking her probation and committing her to the Department

1

of Corrections and Rehabilitation for one year and one day with credit of 31 days for time served with supervised probation for five years.

## II

[¶5]    Dockter initially claims the originally imposed sentence was illegal under N.D.C.C. § 12.1-32-06.1(2), because the period of supervised probation was for five years and not three years as required by that statute.  The State concedes the district court erred in initially sentencing Dockter to five years of supervised probation under N.D.C.C. § 12.1-32-06.1(2) and does not object to remanding to correct the illegal sentence consistent with the three-year period for supervised probation for "any other felony offense" in that statute.  *See State v. Isom*, 2018 ND 60, ¶¶ 10, 17, 907 N.W.2d 340 (holding five-year supervised probation for felony offense falling within "any other felony offense" language of N.D.C.C. § 12.1-32-06.1(2) was illegal and reversing and remanding for sentencing consistent with the three-year maximum under that statute).  Dockter pled guilty to child neglect under N.D.C.C. § 14-09-22.1, an "other felony offense" under N.D.C.C. § 12.1-32-06.1(2), and as in *Isom*, at ¶¶ 10, 17, a remand is necessary for sentencing consistent with the three-year maximum period for probation under that statute.

## III

[¶6]    Dockter argues the district court erred in finding she violated the terms of her probation because her probation did not start until she was released from incarceration on January 28, 2018, and all the alleged probation violations occurred before that date.  She claims any conduct before she was placed on probation was not governed by the terms of her probation.

[¶7]    At the revocation hearing, Dockter admitted the probation violations and indicated there was "just going to be some argument on disposition."  She asked the court to look at the time line and consider not revoking her probation and sentencing her to a period of incarceration because since her release from jail she has been

complying with all conditions of probation. During oral argument to this Court, Dockter admitted she did not raise an issue in the district court about when her probation began.

[¶8]   We have repeatedly held that issues not raised or considered in the district court cannot be raised for the first time on appeal, and we will not address them. *E.g., Moe v. State*, 2015 ND 93, ¶ 11, 862 N.W.2d 510. We explained "[t]he purpose of an appeal is not to give the appellant an opportunity to develop new strategies or theories; rather, the purpose is to review the actions of the district court." *Id.* "'The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.'" *Id.* (quoting *In re Johnson*, 2013 ND 146, ¶ 10, 835 N.W.2d 806). However, we may consider an issue raised for the first time on appeal if it rises to the level of obvious error. *State v. Alberts*, 2019 ND 66, ¶ 7, 924 N.W.2d 96. To establish obvious error, a defendant must demonstrate plain error affecting substantial rights. *Id.* An obvious error must be a clear deviation from an applicable legal rule under current law and there is no obvious error when an applicable legal rule is not clearly established. *Id.*

[¶9]   Dockter did not specifically argue to the district court that her alleged conduct occurred before she was placed on probation. Dockter did not raise an issue in the court about when her probation began and she admitted the allegations in the petition to revoke. Moreover, she has not raised an issue about obvious error to this Court. We therefore do not address Dockter's argument about when her probation began.

IV

[¶10] Dockter argues the district court abused its discretion in unreasonably incarcerating her for the probation revocation. The State responds the court did not clearly err in finding Dockter violated the terms of her probation based on her

admissions at the revocation hearing and the court did not abuse its discretion in revoking her probation.

[¶11] In an appeal of a probation revocation, we first review the district court's factual findings under the clearly erroneous standard and then review the court's decision to revoke probation under the abuse-of-discretion standard. *State v. Wardner*, 2006 ND 256, ¶¶ 17, 19, 26, 725 N.W.2d 215. Dockter admitted she engaged in the conduct constituting the probation violations, and we consider whether the court abused its discretion in revoking her probation. A court abuses its discretion if it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Id.* at ¶ 26.

[¶12] At the revocation hearing, the district court ruled:

> I have considered the arguments of counsel; the defendant's statement in allocution. Based on the defendant's admissions, which were freely and voluntarily given, the Court finds that Ms. Dockter has willfully violated the terms and conditions of her probation.
>
> It is concerning to me that I allowed Ms. Dockter a report date to serve her, what was a fairly light sentence, 30 days, on child neglect, a class C felony, and that before she even reported to jail she was again charged with child neglect along with a litany of other offenses; possession of drug paraphernalia, felon in possession . . . of a firearm, ingesting of controlled substances, within a very short period of time. While I do acknowledge that it has been—that those offenses occurred back at the beginning of last year, and typically I would prefer to see a revocation proceeding come a little sooner than this, I do find that revocation of probation is appropriate and necessary.
>
> I am going to impose the suspended sentence, 336 days, and then supervised probation. She's on probation until 2022. I'll leave the term the same. So it will just be that same 5-year term. It will end November of 2022. These are serious offenses.
>
> If it was something as basic as drug offenses I could understand the defense's position and think that some intermediate measures may have been more appropriate, but being charged with and convicted of the same offense that she was on probation for is serious.

[¶13]  The district court's written order committed Dockter to the Department of Corrections and Rehabilitation for one year and one day with credit for 31 days served and placed her on supervised probation for five years.

[¶14]  Subject to the earlier discussed correction for a three-year period of probation, we conclude the district court did not misapply the law in revoking Dockter's probation.  The court's decision is not arbitrary, unreasonable, unconscionable, or capricious and was the product of a rationale mental process leading to a reasoned determination.  We therefore conclude the court did not abuse its discretion in revoking Dockter's probation.


V

[¶15]  We affirm the order revoking Dockter's probation and remand to correct the period of supervised probation.

[¶16]  Lisa Fair McEvers
       Daniel J. Crothers
       Jerod E. Tufte
       Jon J. Jensen
       Gerald W. VandeWalle, C.J.