# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 153

State of North Dakota,                                          Plaintiff and Appellee

v.

Milford Earl Netterville, Jr.,                              Defendant and Appellant

## No. 20220017

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Megan E. Kummer, State's Attorney, Wahpeton, N.D., for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, N.D., for defendant and appellant; submitted on brief.

**State v. Netterville**
No. 20220017

**Tufte, Justice.**

[¶1] Milford Netterville appeals from a criminal judgment revoking his probation and resentencing him to two years' imprisonment. He argues the district court entered an illegal order because the court failed to give him credit for time served and there was ambiguity in the court's sentence. We reverse and remand with instructions.

I

[¶2] In 2020, Netterville pled guilty to domestic violence in violation of N.D.C.C. § 12.1-17-01.2(2)(c), punishable by a maximum penalty of five years' imprisonment. The district court sentenced him to 366 days' imprisonment, with credit for 99 days, and 18 months of supervised probation to follow upon his release. In 2021, the State filed a petition to revoke Netterville's probation after he failed to report to his probation officer during the months of October and November 2021. After a probation revocation hearing was held, the district court revoked his probation and resentenced him to 2 years' imprisonment with no probation to follow. He appeals the amended criminal judgment to this Court.

II

[¶3] In reviewing appeals from a district court's decision to revoke probation, this Court applies a two-step analysis. We first review the court's "factual findings under the clearly erroneous standard and then review the court's decision to revoke probation under the abuse-of-discretion standard." *State v. Dockter*, 2019 ND 203, ¶ 11, 932 N.W.2d 98. A court abuses its discretion "if it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.*

[¶4] Netterville argues the district court entered an illegal sentence.[1] We have outlined the procedure for correcting an illegal sentence under N.D.R.Crim.P. 35.

> Rule 35(a)(1), N.D.R.Crim.P., provides, "The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1)." A sentence is illegal under Rule 35(a) if it is not authorized by the judgment of conviction. *State v. Raulston*, 2005 ND 212, ¶ 7, 707 N.W.2d 464. We have recognized that an illegal sentence may be contrary to statute, fail to comply with a promise of a plea bargain, or be inconsistent with the oral pronouncement of the sentence. *Id.*

*State v. Gray*, 2017 ND 108, ¶ 17, 893 N.W.2d 484.

[¶5] The State argues that we should decline to consider Netterville's illegal sentence argument on appeal because he did not raise this issue below. We reject this argument. We have previously held that "[a]lthough [the defendant] did not raise this [illegal sentence] argument below by objecting at sentencing or through a motion under N.D.R.Crim.P. 35(a), we address the claim because an objection is unnecessary to preserve a claim of illegal sentence imposed in a criminal judgment from which an appeal may be immediately taken." *State v. Thomas,* 2020 ND 30, ¶ 16, 938 N.W.2d 897; *see also State v. McGinnis*, 2022 ND 46, ¶¶ 1, 5, 971 N.W.2d 380 (we considered the defendant's illegal sentence argument despite the fact that the appeal was from the amended criminal judgments and not from the denial of his Rule 35 motion). Therefore, we move on to address the merits of Netterville's illegal sentence argument.

### III

[¶6] Netterville first argues the district court's order was illegal because it was ambiguous. He argues the court "issued an ambiguous oral

---

[1] Netterville argues an illegal order was also entered in 39-2020-CR-0313, an offense which runs concurrently with the sentence in 39-2020-CR-0468. Because Netterville only appealed the judgment in -0468, our review is limited to this judgment on appeal.

pronouncement and subsequent judgment" because the oral pronouncement is susceptible to differing interpretations. Specifically, he argues the "court's oral pronouncement could be interpreted to articulate Netterville was to serve an additional two years to what he has already served" or it "could have been to simply impose the original recommended sentence by the State of two years."

[¶7] "[A] sentence is ambiguous if its pronouncement is susceptible of differing interpretations based on the totality of the circumstances." *State v. Rath*, 2017 ND 213, ¶ 13, 901 N.W.2d 51 (citation omitted). When an unambiguous oral pronouncement of a sentence directly conflicts with the written judgment, we have said the oral pronouncement must control. *Id.* at ¶ 7 (citation omitted). "[I]f only an ambiguity exists between the two sentences, the record must be examined to determine the district court's intent." *Id.* (citation omitted).

[¶8] There is no conflict between the oral pronouncement and the written judgment, nor are there differing reasonable interpretations. After the State requested "Netterville be resentenced to the Department of Corrections and Rehabilitation for 3 years and terminate his probation," the court orally pronounced:

> THE COURT: ..things of that nature. So basically on the testimony
> here provided today so 2 years with DOCR and..
> MR. NETTERVILLE: ..your Honor please. Your Honor..
> THE COURT: ..with no probation to follow.

Further, the judgment states: "Committed to: Department of Corrections and Rehabilitation, Term: 2 years." We see no ambiguity in either the oral pronouncement or the written sentence. The oral pronouncement and the written judgment both clearly articulate that Netterville is sentenced to 2 years' imprisonment in addition to the 366 days he previously served on the original sentence. Thus, we conclude the district court's sentence is unambiguous.

[¶9]  Netterville also argues his sentence was illegal because the court failed to provide him with credit for time served. He argues that he was entitled to credit for the 366 days he served with the Department of Corrections on the original sentence; however, the amended criminal judgment failed to state this credit. Section 12.1-32-02(2), N.D.C.C., provides:

> Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based. "Time spent in custody" includes time spent in custody in a jail or mental institution for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal.

[¶10] The State, on the other hand, argues Netterville is not entitled to credit for time served on the underlying criminal charge because "[a] probation revocation is a new matter." In other words, because Netterville served the 366 days on the original sentence, he is not entitled to credit for that time served on the probation revocation sentence. We reject this argument. We recognize that a defendant is not entitled to credit "for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced." *State v. Eugene*, 340 N.W.2d 18, 35 (N.D. 1983). Here, however, Netterville's probation was revoked, and on resentencing he seeks credit for time served on the original sentence. Unlike the unrelated charges in *Eugene*, a sentence resulting from probation revocation is wholly related to the original charge because it is based on the same conduct for which the defendant was originally sentenced. An amended judgment revoking probation and resentencing a defendant is not a "whole new process" leading to a "separate judgment" as the State argues, but instead simply amends and replaces the initial judgment.

[¶11] An amended judgment entered after revocation must total up all time served for the offense, including time served on the original sentence and time served prior to the revocation hearing, to ensure a defendant does not serve more than the maximum possible sentence for the offense. Because section

12.1-32-02(2) requires a judgment to reflect "all time spent in custody as a result of the criminal charge," the amended judgment should have reflected credit for 366 days served on the original sentence. Importantly, the amended judgment should also have included the length of the original sentence. Inclusion of the credit served on the original sentence would not give Netterville "a bonus 366 days of credit" so long as the district court includes all time sentenced along with all time previously served. It is clear the intended sentence was described in terms of the net sentence left to serve, but the statute requires that be expressed in terms of all time sentenced less credit for time already served as a result of that criminal charge.

[¶12] Further, the record does not indicate there is any credit owed to Netterville for time served after the petition to revoke probation was filed. It does not appear that Netterville was ever arrested or spent any time in custody during the pendency of the probation revocation hearing. Although a warrant to apprehend was issued after the petition for revocation was filed, Netterville appeared on his own recognizance. Therefore, we conclude that the judgment should have reflected a sentence of 3 years plus 1 day with credit for 366 days served. Thus, we remand for the district court to correct the judgment to accurately describe the sentence.

V

[¶13] We reverse the judgment and remand with instructions to correct the judgment consistent with this opinion.

[¶14] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte

5